Zheng "Andy" Liu (SBN 279327)
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: 650-475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Defendant Shun Guo*
*erroneously sued as Mingshun Guo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIYU ZHANG,<br><br>               Plaintiff,<br><br>    v.<br><br>SHUN GUO; and DOES 1 through 12,<br>inclusive,<br><br>               Defendant. | Case No.: _____3:26-cv-989_____<br><br>State Court Case No.: CGC-25-631165<br><br><br>**NOTICE OF REMOVAL** |

    **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

**DISTRICT OF CALIFORNIA AND TO:**

    PLEASE TAKE NOTICE that Defendant Shun Guo files this Notice of Removal

pursuant to 28 U.S.C. §§ 1332(a) and 1446 to effect the removal of the above-captioned

action, which was commenced in the Superior Court of the State of California in and

for the County of San Francisco, and states that the removal is proper for the reasons stated below.

## BACKGROUND

1.      Using a form complaint, Plaintiff Zhang alleges that Defendant Guo assaulted and battered him, caused him emotion distress, and conspired with others when committing these torts; Plaintiff Zhang seeks compensatory and punitive damages.

2.      More specifically, Plaintiff Zhang alleges that he, Defendant Guo, and a dozen of other protestors were all at a protest in San Francisco on November 17, 2023. Plaintiff alleges that even though he was assaulted by other protestors, Defendant is liable, because Defendant appeared to have conspired with the other protestors.

3.      Two years after the alleged assault, on November 17, 2025, Plaintiff Zhang sued Defendant Guo in San Francisco Superior Court in lawsuit entitled "Kaiyu Zhang v. Minghsun Guo; and DOES 1 through 12, inclusive," Case No. CGC-25-631165 (the "Action")[1].

_____

1.      [1] The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them. In compliance with 28 U.S.C. § 1446 (a), attached hereto as **Exhibit A** is a copy of the Complaint as filed, which constitutes the entirety of the record in the Action.

NOTICE OF REMOVAL

4.      The Complaint asserts the following four causes of action against Defendant Guo: (1) assault, (2) battery, (3) civil conspiracy, and (4) intentional infliction of emotional distress.

5.      As of January 30, 2026, the date this Notice of Removal was filed, Defendant Guo has not been served with the Complaint in the Action. Nor has Plaintiff filed any kind of proof of service with the State Court.

6.      As further explained below, the Court has jurisdiction of this matter under 28 U.S.C. § 1332 (a) because there is diversity between Plaintiff Zhang and Defendant Guo, and because the amount in controversy exceeds $75,000.

**DIVERSITY OF CITIZENSHIP**

7.      Plaintiff Zhang is a citizen of Hong Kong, China; Defendant Guo is a citizen of the State of California and the United States.

8.      Plaintiff Zhang does not limit his damages to less than $75,000. Instead, Plaintiff Zhang alleges that his compensatory damages is at least $35,000 (alleging "The relief sought in this complaint exceeds $35,000"), in addition to punitive damages.

9.      Plaintiff Zhang alleges that he is entitled to "wage loss," "hospital and medical expenses," "loss of earning capacity," and "Exacerbation of major depressive disorder with chronic, ongoing symptoms and episodes of suicidal ideation, resulting in reduced work capacity and the need for long-term mental-health treatment."

10.     The amount in controversy encompasses "all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d

413, 414-15 (9th Cir. 2018). The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id*. (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

11.    Thus, totaling all these alleged damages, the amount in controversy is more than $75,000.

12.    The citizenship of any Doe defendants is disregarded in the context of determining removal jurisdiction.

13.    Thus, diversity jurisdiction exists in this case.

<u>VENUE</u>

14.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State osf California, County of San Francisco, which is embraced by the Northern District of California.

<u>THE 30-DAY TIME PERIOD HAS NOT EXPIRED</u>

15.    Because Defendant Guo has not been served with the process, the 30-day time period for removal was never triggered.

<u>NOTICE OF REMOVAL</u>

16.    This Notice of Removal shall be served promptly on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, Defendant Guo prays that this civil action be removed from the

Superior Court of the State of California, County of San Francisco, to the United States

District Court for the Northern District of California.

Dated: January 23, 2026

By: _____/s/_____
Zheng "Andy" Liu (CA- 279327)
1660 South Amphlett Blvd. Ste 315
San Mateo, CA 94402
Tel.: 650-475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendant*
*Mingshun Guo*

**NOTICE OF REMOVAL**

# EXHIBIT A

**NOTICE OF REMOVAL**

PLD-PI-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**    STATE BAR NUMBER:<br>NAME: **KAIYU ZHANG**<br>FIRM NAME:<br>STREET ADDRESS: 205 E GARVEY AVE<br>CITY: MONTEREY PARK    STATE: CA    ZIP CODE: 91755<br>TELEPHONE NO.: 213-726-6950    FAX NO.:<br>EMAIL ADDRESS: kaiyuzhang89@gmail.com<br>ATTORNEY FOR *(name)*: | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**11/17/2025**<br>**Clerk of the Court**<br>**BY: MARIVIC VIRAY**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
  STREET ADDRESS: 400 McAllister Street, Room 509
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME:

PLAINTIFF: KAIYU ZHANG

DEFENDANT: MINGSHUN GUO

[x] DOES 1 TO 12

| | |
|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED** *(Number):*<br>**Type** *(check all that apply):*<br>[ ] **MOTOR VEHICLE**    [ ] **OTHER** *(specify):*<br>     [ ] **Property Damage**    [ ] **Wrongful Death**<br>     [x] **Personal Injury**    [ ] **Other Damages** *(specify):* | CASE NUMBER: |
| **Jurisdiction** *(check all that apply):*<br>[ ] **ACTION IS A LIMITED CIVIL CASE** (does not exceed $35,000)<br>     Amount demanded    [ ] does not exceed $10,000<br>                        [ ] exceeds $10,000<br>[x] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $35,000)<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint<br>     [ ] **from limited to unlimited**<br>     [ ] **from unlimited to limited** | **CGC-25-631165** |

1. **Plaintiff** *(name or names):* KAIYU ZHANG

   alleges causes of action against **defendant** *(name or names):*
   MINGSHUN GUO

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. Each plaintiff named above is a competent adult

   a. [ ] **except** plaintiff *(name):*

        (1) [ ] a corporation qualified to do business in California.

        (2) [ ] an unincorporated entity *(describe):*

        (3) [ ] a public entity *(describe):*

        (4) [ ] a minor    [ ] an adult

            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.

            (b) [ ] other *(specify):*

        (5) [ ] other *(specify):*

   b. [ ] **except** plaintiff *(name):*

        (1) [ ] a corporation qualified to do business in California.

        (2) [ ] an unincorporated entity *(describe):*

        (3) [ ] a public entity *(describe):*

        (4) [ ] a minor    [ ] an adult

            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.

            (b) [ ] other *(specify):*

        (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

**PLD-PI-001**

| SHORT TITLE:<br>ZHANG vs. GUO | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☐ **except** defendant *(name):*
       (1) ☐ a business organization, form unknown.
       (2) ☐ a corporation.
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
       (1) ☐ a business organization, form unknown.
       (2) ☐ a corporation.
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
       (1) ☐ a business organization, form unknown.
       (2) ☐ a corporation.
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
       (1) ☐ a business organization, form unknown.
       (2) ☐ a corporation.
       (3) ☐ an unincorporated entity *(describe):*

       (4) ☐ a public entity *(describe):*

       (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☐ Doe defendants *(specify Doe numbers):*      were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 12      are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other *(specify):*
       Defendant resides in San Francisco County.

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE:<br>ZHANG vs. GUO | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

- a. ☐ Motor Vehicle
- b. ☐ General Negligence
- c. ☐ Intentional Tort
- d. ☐ Products Liability
- e. ☐ Premises Liability
- f. ☒ Other *(specify):*
  Assault, Battery, Civil Conspiracy, Intentional Infliction of Emotional Distress

11. Plaintiff has suffered *(check all that apply)*

- a. ☒ wage loss.
- b. ☐ loss of use of property.
- c. ☒ hospital and medical expenses.
- d. ☐ general damage.
- e. ☐ property damage.
- f. ☒ loss of earning capacity.
- g. ☒ other damage *(specify):*
  Exacerbation of major depressive disorder with chronic, ongoing symptoms and episodes of suicidal ideation, resulting in reduced work capacity and the need for long-term mental-health treatment.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

- a. ☐ listed in Attachment 12.
- b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

- a. (1) ☒ compensatory damages.
  (2) ☒ punitive damages.
- b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
  (1) ☒ according to proof.
  (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: November 15, 2025

KAIYU ZHANG
_____
(TYPE OR PRINT NAME)

▶ /s/ Kaiyu Zhang
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**ATTACHMENT 10(f)**

CAUSES OF ACTION — ASSAULT. BATTERY, CIVIL CONSPIRACY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff: Kaiyu Zhang
Defendant: Mingshun Guo, and Does 1 through 12, inclusive
Case Title: ZHANG v. GUO
Form: PLD-PI-001 – Attachment to Item 10(f)

# INTRODUCTORY STATEMENT

Plaintiff Kaiyu Zhang brings this action against defendant Mingshun Guo and Does 1 through 12 for their participation in a coordinated and ideologically motivated assault carried out by organized supporters of the Chinese Communist Party (CCP) during the November 2023 APEC summit in San Francisco. Plaintiff seeks compensatory and punitive damages for physical injuries, emotional trauma, major depressive disorder, post-traumatic stress disorder (PTSD), loss of earning capacity, and other harm caused by defendants' willful and malicious conduct.

# PARTIES

Plaintiff is an individual residing in the State of California.
Defendant Mingshun Guo resides in the San Francisco Bay Area.
The true names and capacities of Does 1 through 12 are presently unknown. They will be added by amendment when their identities become known.

# JURISDICTION AND VENUE

Jurisdiction is proper in this Court because the wrongful acts described herein occurred in the City and County of San Francisco, and defendant Guo resides within the State of California. The relief sought in this complaint exceeds $35,000, and therefore this action is properly classified as an unlimited civil case.

# FACTUAL ALLEGATIONS

## 1. Background

The plaintiff, a political dissident of Chinese origin, relocated from China to the United States in March 2023 and has since resided in California.

On November 17, 2023, during the Asia-Pacific Economic Cooperation (APEC) summit in San Francisco, the plaintiff participated in a lawful demonstration opposing the Chinese Communist Party (CCP).

While departing the protest site that afternoon, the plaintiff and two companions were ambushed and assaulted by organized CCP supporters in a coordinated, ideologically motivated attack.

## 2. Waiting and Ambush Setup

As the plaintiff and his companions left the protest site, they encountered a group of nine young men, including defendant Mingshun Guo, standing together a short distance away from the protest area.

The nine men clustered on the sidewalk, blocking the entire passageway.

Several members of the group wore red scarves or a red headband, insignia commonly used by CCP-aligned supporters during the APEC summit. Several also wore masks concealing their identities.

They stood idly without legitimate purpose, positioned in a manner indicating they were waiting for departing protesters and prepared to initiate an ambush.

## 3. Coordinated Signaling and Surveillance

Near the protest site exit stood a middle-aged man in his fifties wearing a red hat (the "red-hat man").

As the plaintiff and his companions passed by, the red-hat man picked up his phone and made a call. At that moment, a member of the nine-man group answered a phone, and most of them turned simultaneously to look at the plaintiff and his companions with hostility.

After the plaintiff and his companions passed around them using the vehicle lane to avoid the blockade, the nine men began following in formation, matching the plaintiff's pace.

This sequence strongly indicates the phone call served as a coordinated signal to initiate the pursuit, confirming active coordination between the red-hat man and the nine-man group waiting ahead.

## 4. Verbal Threats and Escalation

As they followed, members of the nine-man group shouted hostile insults, including:
"Fuck you!"   "Fuck your mother!" (In Cantonese)    "Die, Hongkonger!" (In Cantonese) and
"Fuck Hong Kong!"

The plaintiff responded by stating "Fuck CCP!" and "Fuck Xi Jinping!" expressing his political
opinion.

After the plaintiff's response, the attackers became enraged, increased their pace, and advanced
aggressively toward the plaintiff and his companions, demonstrating ideological motivation and
intent to intimidate.

A tattooed man wearing a red headband led the group's movement and aggression.

## 5. The Red-Hat Man (Leader / Coordinator)

The red-hat man appeared significantly older than the other individuals, who were in their
twenties or thirties.

After initially remaining behind, the red-hat man caught up from the rear, overtook the nine-man
group, and moved ahead of the plaintiff and his companions, walking in the direction from which
the later attackers emerged.

The timing and direction of his movement were consistent with coordinated action supporting
the forthcoming assault.

His conduct reflected leadership, coordination, and premeditation, consistent with a planned
ambush.

## 6. Arrival of Additional Attackers and the Assault

As the plaintiff and his companions neared a gas-station area, three additional men approached
from another direction.

Two of the three wore red scarves, and all three wore masks to conceal their identities.

The tattooed man with the red headband came from behind the plaintiff and initiated the assault
by tackling the plaintiff to the ground. At the same moment, one member of the three-man group
was already at the plaintiff's side and assisted the tattooed attacker in tackling the plaintiff down.

After the plaintiff was on the ground, the attackers surrounded him and struck him repeatedly.

When the plaintiff's companion, Kaihung Chau, a 73-year-old Hongkonger, attempted to help

the plaintiff, the attackers beat Chau as well.

A woman nearby intervened and yelled at the attackers, causing them to stop; otherwise, the plaintiff's injuries could have been far more severe.

During the beating, the plaintiff briefly lost consciousness as the attackers continued to strike him. Both the plaintiff and Mr. Chau were later transported to the emergency room for urgent medical evaluation and treatment.

The coordinated actions of the nine-man group and the additional three-man group ensured there was no clear route for escape, confirming this was a premeditated ambush.

## 7. Defendant Mingshun Guo

Defendant Guo, a San Francisco Bay Area resident, was physically present with the nine-man group throughout the pursuit and attack.

Guo stood among the nine-man group blocking the sidewalk and later walked closely behind the tattooed leader as the group followed the plaintiff and his companions.

Among the nine men, two wore red scarves, and Guo was one of them, identifying him as part of the core group.

Guo walked directly behind the leading tattooed man as the group advanced, showing a clear intent to follow and participate in the coordinated pursuit.

When the coordinated attack occurred, multiple members of the group took part in beating the plaintiff. Guo remained with the group throughout the pursuit and attack, acted in concert with them, and contributed to the execution of the ambush.

## 8. Pattern of Violence by the Same Group

Earlier the same day, members of the same organized pro-CCP group had assaulted other protesters at the APEC event.

Their conduct demonstrates a deliberate pattern of targeting political dissidents, confirming that the attack on the plaintiff was not random, but part of a broader strategy directed at intimidating and silencing opponents of the CCP.

## 9. Public Condemnation and Media Exposure

In the days following the assault, the plaintiff held a press conference in front of the South San Francisco Police Department, condemning the attack and urging local authorities to act. Major media organizations, including the Associated Press (AP), FOX News, and NBC, attended and reported the event. The AP coverage was later reprinted by multiple international outlets across Japan, South Korea, Canada, and other countries, bringing global attention to the case.

On December 12, 2023, the plaintiff was invited by the Congressional-Executive Commission on China (CECC) to speak at the CECC press conference inside the United States Capitol regarding China's transnational repression during the APEC summit, including the assault on the plaintiff.

In both press conferences, the plaintiff appeared wearing an eye patch to protect his injured eye—a visible reminder of the violence he had endured. The extensive media exposure and public role in speaking out against the CCP significantly heightened his fear of retaliation through transnational repression. This further reinforced his ongoing sense of fear and emotional distress.

## 10. EMOTIONAL AND PSYCHOLOGICAL IMPACT AND DAMAGES

As a direct and foreseeable result of the assault and conspiracy described above, the plaintiff suffered severe psychological trauma, including major depressive disorder and post-traumatic stress disorder (PTSD). In September 2024, the plaintiff experienced a suicidal crisis and called the suicide hotline at approximately 3:00 a.m. to save his own life. The plaintiff's therapist and psychiatrist have documented his continuing depression and prescribed antidepressant medication.

Since the assault, the plaintiff has lived under constant fear of transnational repression by the CCP, believing that he remains a potential target because of his political activities. Out of fear for his family's safety, the plaintiff has completely severed all contact with his mother and sister in China since the attack. His mother later passed away, and the plaintiff did not learn of her death until more than six months later, through a third party.

The plaintiff continues to suffer from major depression, emotional instability, impaired concentration, and persistent fear related to transnational repression. He is typically able to work only three to four hours per day, four days a week, and must occasionally take extended time off for recovery. These ongoing mental health effects have caused a substantial loss of earning capacity and long-term emotional suffering.

# CAUSES OF ACTION

## Assault

Defendants, acting in concert, intentionally placed the plaintiff in reasonable apprehension of imminent harmful and offensive contact. The nine-man group, including defendant Mingshun Guo, aggressively followed the plaintiff, shouted threats and hostile insults, advanced toward him, and ultimately surrounded him in a coordinated and intimidating manner. Their collective conduct created a well-founded fear that they were about to inflict immediate physical harm, constituting an assault.

## Battery

Defendants, acting in concert, intentionally made and aided harmful and offensive physical contact with the plaintiff. Members of the coordinated groups tackled the plaintiff to the ground and beat him.

Defendant Mingshun Guo advanced aggressively with the group toward the plaintiff, remained with them throughout the coordinated pursuit, and contributed to the execution of the ambush. By acting in concert with the attackers and participating in the coordinated conduct that led directly to the physical assault, Guo is jointly and severally liable for the battery under California doctrines of concerted action, aiding and abetting, and civil conspiracy.

## Civil Conspiracy

Defendants knowingly agreed and acted in concert to carry out an assault and battery motivated by ideological hostility toward the plaintiff's political views.

The coordination between the nine-man and three-man groups, led by the red-hat man and joined by defendant Guo, constituted a common plan to identify, pursue, injure, and intimidate the plaintiff. Members of the same organized pro-CCP group had also assaulted other protesters earlier that same day during the APEC event, demonstrating a continuing pattern of coordinated violence and a shared intent to target political dissidents.

## Intentional Infliction of Emotional Distress

Defendants' conduct was extreme and outrageous and was carried out with intent to cause severe emotional distress, or with reckless disregard of the probability of causing such distress.

As a result, plaintiff suffered severe emotional distress, including major depression, PTSD, suicidal thoughts, and continuing impairment of work capacity.


# PRAYER FOR RELIEF (Attachment to Item 14)

- General damages for pain, suffering, emotional distress, and loss of enjoyment of life.
- Special damages for past and future medical and psychological treatment and related expenses.
- Damages for loss of earning capacity.
- All economic damages proved at trial.
- Exemplary and punitive damages for defendants' willful, malicious, and intentional conduct.
- Costs of suit and litigation expenses.
- Pre- and post-judgment interest as provided by law.
- Such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I hereby certify under the laws of the United States that on January 13, 2026, the foregoing

### NOTICE OF REMOVAL

was served upon all counsel of record listed below via email transmission.

Kaiyu Zhang
205 E Garvey Ave
Monterey Park, CA 91755
Tel.: 213-726-6950
Email: kaiyuzhang89@gmail.com
*Plaintiff In Pro Per*

Dated: January 23, 2026

/s/Oscar Lam
Oscar Lam
*Law Clerk to*
*Attorneys for Defendant*

7