Zheng "Andy" Liu (SBN 279327)
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: 650-475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Defendant Shun Guo*
*erroneously sued as Mingshun Guo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIYU ZHANG,<br><br>         Plaintiff,<br><br>  v.<br><br>SHUN GUO; and DOES 1 through 12, inclusive,<br><br>         Defendants. | Case No.: 3:26-cv-00989-AGT<br><br>**MOTION TO DISMISS UNDER RULE 12(b)(6) AND NOTICE THEREOF**<br><br>The Honorable Alex G. Tse<br><br>Courtroom A – 15th Floor<br><br>Date: March 20, 2026<br><br>Time: 10:00 a.m. |

   PLEASE TAKE NOTICE THAT on March 20, 2026, at 10:00 a.m. before the

Honorable Alex G. Tse, at Phillip Burton Federal Building, 450 Golden Gate Avenue,

San Francisco, CA 94102, Courtroom A – 15th Floor, Defendant Shun Guo will and

hereby does move the Court for an order dismissing Plaintiff's personal injury Complaint for failure to plausible state a claim under Rule 12(b)(6).

Defendant's motion is based on this Notice; the Memorandum of Points and Authorities; the Court's files and records in this action; Plaintiff's Complaint; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

By: _____/s/_____

Zheng "Andy" Liu (CA- 279327)
*Attorneys for Defendant*
*Shun Guo*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ISSUE TO BE DECIDED

Should Plaintiff's state-law personal injury claims be dismissed when Plaintiff does not plausibly allege that Defendant assaulted or battered him in anyway, nor that Defendant directed the alleged assault and battery.

## II. PRELIMINARY STATEMENT

Plaintiff alleges that, during a political protest on November 17, 2023, he was assaulted and battered by a group of on-lookers; and that Defendant "stood among" the on-lookers and "walked directly behind" one of the on-lookers.

First, Plaintiff's battery claim should fail: the Complaint does not even allege that Defendant physically touched Plaintiff in any way.  Second, Plaintiff's assault claim should fail: the Complaint does not allege that Defendant Guo intended to inflict "*immediate*" injury on Plaintiff. Third, Plaintiff's intentional infliction of emotional distress claim should fail, because the Complaint does not allege any conduct by Defendant that is so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community, as required by the California law. Fourth, Plaintiff's civil conspiracy claim should fail, because civil conspiracy is not a recognizable cause of action by the State of California or the Ninth Circuit.

In sum, the Complaint should be dismissed under Rule 12(b)(6) for failure to plausibly state any claim.

### III. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff is a Chinese political dissident residing in California. (Complaint, ¶1.) On November 17, 2023, Plaintiff attended a protest in San Francisco, while Defendant Guo was "standing together a short distance away from the protest area." (Complaint, ¶2.)

While Plaintiff was leaving the protest, some on-lookers yelled profanity at him and followed him. (Complaint, ¶4.) The on-lookers were led by a man wearing a read headband—who is not Defendant Guo. (Complaint, ¶4.) According to Plaintiff, Defendant Guo was among the on-lookers who followed him. (Complaint, ¶7.)

At a nearby gas station, the man wearing the read headband and two others—none of whom was Defendant Guo—attacked Plaintiff. (Complaint, ¶6.) Plaintiff gave two press conferences about his attack: one in the San Francisco and the other in Washington D.C. (Complaint, ¶9.) Plaintiff also received media coverage from "multiple international outlets across Japan, South Korea, Canada, and other countries, bringing global attention to the case." (Complaint, ¶9.)

Two years later, Plaintiff sues only Defendant Guo for assault, battery, intentional infliction of emotional destress, and civil conspiracy. (Complaint, pages 8-9.)

### IV. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper

under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Additionally, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

V.   **DISCUSSIONS**

**1. The Civil Conspiracy Claim Should Be Dismissed.**

"Civil conspiracy is not an independent tort." *City of Industry v. City of Fillmore* (2011) 198 Cal.App.4th 191, 211-212. "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Richard B. LeVine, Inc. v. Higashi* (2005) 131 Cal.App.4th 566, 579 (internal quotations omitted; emphasis in original).

The civil conspiracy being not an independent tort, leave to amend should be denied. *See Cahla Enters. Inc. v. Paul Kim*, 2025 Cal. Super. LEXIS 20386; 2025 LX 193803 ("As to the fourth cause of action for Civil Conspiracy, as against all Defendants, the demurrer is sustained without leave to amend."); *Eos Optical Inc. v. Cler Vision, Inc.*, 2025 Cal. Super. LEXIS 35352; 2025 LX 330757 ("The demurrer to the 8th cause of action for civil conspiracy is sustained without leave to amend. Under California law, a plaintiff cannot assert a standalone cause of action for civil conspiracy"); *White v. Sunlux*, 2025 Cal. Super. LEXIS 18931; 2025 LX 168938 (sustaining demurrer to the civil conspiracy count because "[c]ivil conspiracy is not an independent tort").

**2. The Battery Claim Should Be Dismissed.**

"Battery is an offensive and intentional touching without the victim's consent." *Kaplan v. Mamelak* (2008) 162 Cal. App. 4th 637, 645. "A harmful contact, intentionally done is the essence of a battery…." *Ashcraft v. King* (1991) 228 Cal. App. 3d 604, 611.

Here, the Complaint fails to allege any physical contact between Plaintiff and Defendant, let alone "offensive and intentional touching." The Complaint alleges that "defendant Mingshun Guo, standing together a *short distance away* from the protest area." (Complaint, factual allegations Section, paragraph 2) and that Defendant Guo "*stood among* the nine-man group blocking the sidewalk and later *walked closely behind* the tattooed leader as the group *followed the plaintiff* and his companions." (Complaint, factual allegations Section, paragraph 7.)

At most, the Complaint alleges that Defendant first stood away from Plaintiff and then followed Plaintiff from the distance. The Complaint, however, does not allege that Defendant Guo touched Plaintiff in any way. The Complaint thus fails to state a battery cause of action against Defendant Guo, because "[a] harmful contact, intentionally done is the essence of a battery…." *Ashcraft*, 228 Cal. App. 3d at 611.

**3. The Assault Claim Should Be Dismissed.**

""Generally speaking, an assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present.' [Citation.]' (*Lowry v. Standard Oil Co. of California* (1944) 63 Cal. App. 2d 1, 6-7.

"[W]hile apprehension of that contact is the basis of assault, [m]ere words, however threatening, will not amount to an assault." (5 Witkin, Summary of Cal. Law, supra, Torts, §383 pp. 599-600)(internal quotation marks omitted.)

In *Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, the California Court of Appeal reversed a civil assault judgment, even though defendants there "aggressively approached [plaintiff] Plotnik and threatened to both beat and kill him and the family dog." The Court of Appeal reasoned that "the portion of the judgment awarding [plaintiff Plotnik] damages against [defendants] for assault must be reversed" because there was no evidence the defendants "displayed a weapon, took a swing at [plaintiff Plotnik], or otherwise attempted to touch [plaintiff Plotnik]." *Plotnik*, 208 Cal.App.4th at 1603-160.

Similar to *Plotnik*, the Complaint here fails to state an assault cause of action, because it does not allege that Defendant intended to inflict *"immediate"* injury on Plaintiff. The Complaint merely alleges that Defendant Guo was "standing together a *short distance away* from the protest area" (Complaint, ¶ 2) and that Defendant Guo "*stood among* the nine-man group blocking the sidewalk and later *walked closely behind* the tattooed leader as the group *followed the plaintiff* and his companions." (Complaint, ¶7.)

Here, Plaintiff's allegations state a much lower level of immediacy of unwanted contact than those the California Court of Appeal already deeded insufficient in *Plotnik* ("aggressively approached [plaintiff] Plotnik and threatened to both beat and kill him and the family dog").

Thus, the Complaint fails to state an assault cause of action, because it does not allege that Defendant Guo intended to inflict "immediate" injury on Plaintiff.

**4.  The Intentional infliction of Emotional Distress Claim Should Be Dismissed.**

"The elements of a prima facie case for the tort of intentional infliction of emotional distress were summarized in *Cervantez v. J. C. Penney Co.* (1979) 24 Cal.3d 579, 593 [156 Cal.Rptr. 198, 595 P.2d 975] [citation], as follows: '(1) *extreme and outrageous conduct by the defendant* with the intention of causing, or reckless disregard [for] the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Miller v. National Broadcasting Co.* (1986) 187 Cal.App.3d 1463, 1487 (emphasis added) (citing *Davidson v. City of Westminster* (1982) 32

Cal.3d 197, 209.) What constitutes "extreme and outrageous conduct" must be evaluated by "how reasonable people might view such conduct, excluding from that category those either overly sensitive or callous." *Miller*, 187 Cal.App.3d at 1487.

A defendant's conduct is considered to be outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Crouch v. Trinity Christian Center of Santa Ana, Inc.* (2019) 39 Cal.App.5th 995, 1024 (internal quotation marks omitted). "Liability for IIED does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Ibid* (internal quotation marks omitted).

Here, the Complaint fails to allege any conduct by Defendant Guo that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." The Complaint alleges that "defendant Mingshun Guo, standing together a *short distance away* from the protest area" (Complaint, ¶2) and that Defendant Guo "*stood among* the nine-man group blocking the sidewalk and later *walked closely behind* the tattooed leader as the group *followed the plaintiff* and his companions." (Complaint, ¶7.) While Plaintiff was allegedly attacked, Defendant Guo was not one of the attackers identified by Plaintiff. (Complaint, ¶6.)

Thus, at most, the Complaint alleges that Defendant first stood away from Plaintiff and then followed Plaintiff from the distance. The Complaint therefore fails to state an intentional infliction of emotional distress cause of action against Defendant Guo.

5. **Leave To Amend Should Be Denied As Any Future Amendment Would Be Futile.**

Leave to amend should be denied if "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Here, leave to amend would be futile. Similar to a verified complaint, Plaintiff's Complaint is drafted by Plaintiff himself, based on his own personal knowledge, rather than mere information and belief. Plaintiff would not be able to amend around his own existing judicial admissions without running afoul of the sham pleading doctrine.

Thus, leave to amend would be futile and should thus be denied.

VI. CONCLUSION

According to Plaintiff Defendant first stood away from Plaintiff and then followed Plaintiff from the distance; Plaintiff does not even allege that Defendant Guo physically attack him.

On these facts, Plaintiff's personal injury Complaint should be dismissed for failure to plausibly state any claim against Defendant Guo.

Dated: February 7, 2026                                    Respectfully submitted,

By: _____/s/_____

Zheng "Andy" Liu (CA- 279327)
*Attorneys for Defendant Shun Guo*

**CERTIFICATE OF SERVICE**

I hereby certify under the laws of the United States that on January 13, 2026, the foregoing

**MOTION TO DISMISS UNDER RULE 12(b)(6) AND NOTICE THEREOF**

was served upon all counsel of record listed below via email transmission.

Kaiyu Zhang
205 E Garvey Ave
Monterey Park, CA 91755
Tel.: 213-726-6950
Email: kaiyuzhang89@gmail.com
*Plaintiff In Pro Per*

Dated: January 23, 2026

/s/Oscar Lam
Oscar Lam
*Law Clerk to*
*Attorneys for Defendant*

**MOTION TO DISMISS UNDER RULE 12(b)(6)**