KAIYU ZHANG
205 E Garvey Ave
Monterey Park, CA 91755
Phone: 213-726-6950
Email: kaiyuzhang89@gmail.com

KAIYU ZHANG, PRO SE

FILED
FEB 23 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIYU ZHANG<br><br>　　　　Plaintiff<br><br>　v.<br><br>SHUN GUO; and DOES 1 through 12, inclusive<br><br>　　　　Defendants. | Case No.: 3:26-cv-00989-AGT<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: March 20, 2026<br>Time: 10:00 a.m.<br>Courtroom A – 15th Floor<br><br>The Honorable Alex G. Tse |

## I. INTRODUCTION

Defendant's motion seeks dismissal at the pleading stage despite allegations that plausibly support liability under California law. The Complaint alleges that Defendant acted together with a group that pursued and assaulted Plaintiff during events surrounding the 2023 APEC period in San Francisco. Defendant's motion attempts to reinterpret those allegations as describing only passive bystander conduct. At the Rule 12(b)(6) stage, however, the Court must accept the allegations as true and draw reasonable inferences in Plaintiff's favor.

This motion can be resolved on a straightforward basis. The Complaint alleges coordinated conduct and joint participation. Under California law, liability may arise from acting in concert or aiding wrongful conduct even without direct physical contact. Defendant's motion asks the Court to adopt Defendant's interpretation of disputed facts, which is improper under Rule 12(b)(6). At minimum, the allegations plausibly support liability, and any perceived deficiency can be cured by amendment.

## II. LEGAL STANDARD

To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At the Rule 12(b)(6) stage, the Court must accept factual allegations as true and draw reasonable inferences in Plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Because Plaintiff proceeds pro se, the pleadings must be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## III. FACTUAL BACKGROUND

The Complaint alleges that Defendant remained with a group that confronted Plaintiff, moved together with individuals who pursued Plaintiff, and did not disengage as the confrontation escalated. The group's conduct culminated in physical assault and intimidation. These allegations permit a reasonable inference that Defendant acted jointly with others rather than merely observing.

## IV. ARGUMENT

### A. The Complaint Plausibly Alleges Liability Based on Concerted Action and Joint Participation

California law recognizes liability where a defendant aids, encourages, or acts in concert with others committing wrongful acts. Direct physical contact is not required where coordinated participation is plausibly alleged.

The Complaint describes coordinated group conduct, including pursuit and surrounding movement. At the Rule 12(b)(6) stage, the Court must accept those allegations as true and draw reasonable inferences in Plaintiff's favor.

### B. Context Supporting Plausibility of Coordinated Conduct

Plaintiff does not ask the Court at the pleading stage to determine any ultimate political responsibility or broader organizational involvement. Rather, Plaintiff includes limited contextual background to explain why the alleged coordinated conduct is plausible and not speculative.

During and around the time of the 2023 APEC meetings in San Francisco, publicly available reporting and congressional discussions described multiple incidents involving alleged intimidation or harassment directed toward dissidents and activists. Plaintiff himself participated as a speaker at a Congressional-Executive Commission on China (CECC) press event on December 12, 2023, alongside other individuals — including Tibetan, Hong Kong, and Uyghur speakers — who publicly described similar experiences of intimidation during the same period.

Public reporting, including investigative media coverage published after the events, described patterns of coordinated conduct directed at dissidents during the APEC timeframe. Plaintiff references this context only to show that the allegations in the Complaint plausibly fit within a broader factual environment that has been publicly documented.

At this stage, these circumstances support a reasonable inference that the conduct alleged in the Complaint was coordinated rather than purely incidental. The Court need not determine any ultimate factual or political conclusions; discovery is the proper stage for developing those facts.

**Defendant's "Bystander" Characterization Does Not Defeat Plausibility**

Defendant characterizes his role as that of a passive bystander. The Complaint, however, alleges conduct that permits a different and equally reasonable inference at this stage. Specifically, Plaintiff alleges that Defendant remained with the group during the confrontation, moved together with the individuals who pursued Plaintiff, and did not disengage as the events escalated. These allegations are inconsistent with ordinary bystander behavior and plausibly support an inference of coordinated participation. At the pleading stage, the Court may not choose between competing interpretations of the facts; that determination must await discovery.

Accepting the allegations as true and drawing reasonable inferences in Plaintiff's favor, the Complaint plausibly alleges that Defendant acted in concert with others during a coordinated assaultive incident. Whether Defendant ultimately bears liability is a matter for discovery and later stages of litigation, not Rule 12(b)(6).

The Court need not resolve ultimate factual disputes or determine Defendant's intent at this stage. The only question is whether Plaintiff's allegations permit a reasonable inference of liability. Because they do, the case should proceed to discovery where the parties may test their competing factual narratives.

**C. Assault and Battery Claims Are Plausibly Alleged**

The Complaint alleges conduct sufficient to support assault and battery under California law. Liability may arise where a defendant acts jointly with others committing harmful or offensive conduct.

The allegations of group pursuit, coordinated movement, and intimidating conduct plausibly support a reasonable apprehension of imminent harm. These factual questions cannot be resolved on the pleadings.

**D. Intentional Infliction of Emotional Distress**

The Complaint alleges a coordinated and intimidating confrontation involving multiple individuals. Whether conduct is sufficiently outrageous is generally a factual issue and should not be resolved at the pleading stage.

**E. Civil Conspiracy (Clarification)**

Plaintiff alleges that Defendant Shun Guo acted in concert with multiple individuals who jointly participated in a coordinated attack against Plaintiff during the events surrounding APEC 2023. The actions of the group were not isolated or independent, but appeared organized and mutually reinforcing, supporting an inference of joint participation and shared purpose.

Plaintiff was suddenly tackled from behind and immediately attacked by multiple individuals at the same time. The incident occurred in a chaotic and fast-moving situation, and Plaintiff lost consciousness shortly thereafter. Because of the nature of the attack, Plaintiff could not clearly observe which specific individuals physically struck him. However, Plaintiff alleges that Defendant Shun Guo was part of the coordinated group that initiated and carried out the attack, and liability arises from Defendant's participation in the joint action and conspiracy rather than from any single identifiable blow.

The coordinated nature of the attack, the simultaneous actions of multiple individuals, and Defendant's presence and conduct before and during the incident plausibly support a reasonable inference of agreement and joint action at the pleading stage.

At this stage of litigation, Plaintiff is only required to plead sufficient factual matter to state a plausible claim for relief. The allegations here, taken as true and viewed in the light most favorable to Plaintiff, adequately support a claim of civil conspiracy and coordinated unlawful conduct.

## V. LEAVE TO AMEND SHOULD BE GRANTED

Even if the Court finds any pleading deficiency, dismissal without leave to amend would be improper. Leave to amend should be freely granted unless amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff has not previously amended the complaint in federal court and can cure any perceived deficiencies through additional factual clarification. Accordingly, any dismissal should be with leave to amend.

## VI. CONCLUSION

Because the Complaint plausibly alleges coordinated conduct supporting liability, dismissal under Rule 12(b)(6) is unwarranted. The Court should deny the motion or, alternatively, grant leave to amend.

Dated: February 22, 2026

Respectfully submitted,

/s/ Kaiyu Zhang
Kaiyu Zhang
Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2026, I served the foregoing:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

by email transmission to counsel for Defendant at the email address listed below:

Oscar Lam
Clerk to Attorney Zheng "Andy" Liu
Email: hkoscarlam@gmail.com


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 22, 2026

/s/ Kaiyu Zhang
Kaiyu Zhang
Plaintiff, Pro Se