UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIYU ZHANG,<br><br>        Plaintiff,<br><br>    v.<br><br>SHUN GUO,<br><br>        Defendant. | Case No. 26-cv-00989-AGT<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

    Plaintiff Kaiyu Zhang, proceeding pro se, filed suit in state court, alleging that defendant Shun Guo committed assault, battery, civil conspiracy, and intentional infliction of emotional distress. Dkt. 1 at 9.[1] Zhang filed on November 17, 2025. *Id.* at 7. On January 30, 2026, Guo removed Zhang's complaint to this federal Court. *Id.* at 1–5.

    On February 7, 2026, Guo filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss and noticed a hearing for March 20, 2026. Dkt. 5. Zhang filed an opposition on February 23, 2026. Dkt. 8. To date, Guo has not filed a reply and the time to do so has now expired. *See* Civil L.R. 7-3(c) (requiring a reply to be filed not more than seven days after the opposition was due).

    "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Removal from state to federal court is proper only

---

[1] Citations to page numbers in this order correspond to the Electronic Case Filing numbers at the top of each page.

where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441(a). In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction; the party seeking to be in federal court must show that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (cleaned up). There are two options for subject matter jurisdiction in this case: federal question and diversity. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Guo only alleged diversity jurisdiction in his notice of removal. Dkt. 1 at 3. As the party seeking the Court's jurisdiction, Guo must show that diversity jurisdiction exists here.

For a federal court to exercise diversity jurisdiction, the citizenship of the parties must be diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). An action may not be removed to federal court based on diversity jurisdiction alone "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). In his notice of removal, Guo alleges that he is a citizen of California. Dkt. 1 at 3. As such, given that this action is brought in California, removal based on diversity may be improper where Guo is a citizen of California.[2]

Additionally, the citizenship of the parties must be completely diverse. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Guo alleges in his notice of removal that he is a citizen of California and that Zhang is a citizen of Hong Kong. Dkt. 1 at 3. Guo provides no factual (or other) basis for these allegations. In Zhang's complaint, Zhang lists a California address and pleads that he resides in California. *Id.* at 7 & 10. Indeed, Zhang alleges that he

---

[2] In his notice of removal, Guo represents that, as of the removal on January 30, 2026, he had not been served with the complaint. Dkt. 1 at 3. *See also* 28 U.S.C. § 1441(b)(2).

relocated to the United States in March of 2023 and has lived in California since then. *Id.* at 11. Given that the defendant and plaintiff here are apparently residents of the same state, removal based on complete diversity may also be improper here. *See* 28 U.S.C. § 1332(a).

Finally, a defendant must remove a case within thirty days of receiving the first pleading in the state action that sets forth a removable claim. 28 U.S.C. § 1446(b). Here, apparently Guo removed after receiving only the complaint as Guo cites to the complaint and alleges diversity jurisdiction. Dkt. 1. But Guo removed this case more than thirty days after the complaint was filed in state court. As such, the removal may be untimely.

Accordingly, Guo must show cause why the Court should not remand this action for lack of subject matter jurisdiction by **March 26, 2026**. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify its allegations by a preponderance of evidence.") (cleaned up). Failure to timely respond may result in this Court remanding this matter to state court for lack of subject matter jurisdiction.

In light of the above, the hearing on the motion to dismiss, previously set for March 20, 2026, is vacated. The Court may reset the hearing if subject matter jurisdiction is established, or may choose to rule based on the papers. *See* Civil L.R. 7-1(b).

**IT IS SO ORDERED.**

Dated: March 12, 2026

Alex G. Tse
United States Magistrate Judge