UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAIYU ZHANG,

          Plaintiff,

     v.

SHUN GUO,

          Defendant.

Case No.  26-cv-00989-AGT

**ORDER FOR FURTHER BRIEFING**

The Court issued an order to show cause regarding subject matter jurisdiction. Dkt. 9. Plaintiff Kaiyu Zhang, proceeding pro se, and defendant Shun Guo both responded. Dkts. 10 & 11. The parties agree that Zhang is a citizen of China and that Guo is a citizen of California. Dkts. 1, 10, & 11.

28 U.S.C. § 1332(a)(2) bars federal courts from exercising jurisdiction in "an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." In Zhang's complaint, which Guo removed to this Court, Zhang states that he relocated from China to the United States in March 2023 and since then has resided in California. Dkt. 1 at 10–11. The responses to the order to show cause are thus incomplete. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, the Court now orders further briefing as follows:

**1. Is Zhang lawfully admitted for permanent residence in the United States?**
*See, e.g.*, *Li Ching Chu v. Tribal Techs., Inc.*, 576 Fed. App'x 668, 669 (9th Cir. 2014) ("To establish diversity jurisdiction for Plaintiffs' individual claims, they also must allege that they are not lawfully admitted permanent residents domiciled in the same state as any defendant."); *Talece Inc. v. Zheng Zhang*, No. 20-CV-03579, 2020 WL 5366633, at *3 (N.D. Cal. Sept. 8, 2020) (concluding that, "foreign citizens living in the U.S. on nonimmigrant visas meet the requirements for diversity jurisdiction"); *see also Asare-Antwi v. Wells Fargo, N.A.*, No. 19-CV-00887, 2019 WL 3073942, at *3 (C.D. Cal. July 15, 2019) (finding complete diversity, noting that "[a]lthough [British citizen] Plaintiff contends that having a primary U.S. residence in California makes him a California citizen, absent a showing that he is an [lawful permanent resident], that argument fails").

**2. Is Zhang domiciled in California?** *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."); *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

As the removing party, the Court's subject matter jurisdiction is Guo's burden to show. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). However, Zhang has not objected to this Court's subject matter jurisdiction and likely possesses relevant information regarding his domicile. As such, the Court orders the parties to respond in no more than two pages each. Zhang must respond by **April 15, 2026,** and Guo must respond by **April 30, 2026**. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)

("[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify its allegations by a preponderance of evidence.") (cleaned up).[1]

Failure to timely respond may result in this Court remanding this matter to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: March 30, 2026

Alex G. Tse
United States Magistrate Judge

---

[1] In its order to show cause, dkt. 9, the Court also sought information as to the timeliness of the removal and whether this removal complied with 28 U.S.C. § 1441(b)(2). The Court is now satisfied that the removal was timely, *see* dkts. 10 & 11, and that § 1441(b)(2) has been waived. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) ("We hold that the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c). In this case, because [plaintiff] failed to object, the district court exceeded its § 1447(c) authority in ordering a remand.").