Zheng "Andy" Liu (SBN 279327)
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: 650-475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Defendant Shun Guo*
*erroneously sued as Mingshun Guo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIYU ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>SHUN GUO; and DOES 1 through 12, inclusive,<br><br>Defendants. | Case No.: 3:26-cv-00989-AGT<br><br>**RESPONSE TO ORDER FOR FURTHER BRIEFING**<br><br>The Honorable Alex G. Tse |

Complete diversity exist in this case.

Plaintiff is a citizen of China (Hong Kong). Dkt. 10, paragraph 1; Dkt 1, paragraph 9.  Plaintiff is not a permanent resident of the United States. Dkt. 13.

Defendant Guo is a citizen of the United States and citizen of California. Dkt 1, paragraph 9.

1

The undersigned litigated a similar case before District Judge Beth Freeman in the Northern District of California. See *Talece Inc. v. Zheng Zhang* 2020 U.S.Dist.LEXIS 164697 (N.D.Cal. Sep. 8, 2020, No. 20-cv-03579-BLF). There, Judge Freeman surveyed case law and explained that—like Defendant Guo here—a China citizen who has not obtained permanent residency of the United States remains a citizen of China, for diversity jurisdiction purpose.

More specifically, "[b]eing 'lawfully admitted for permanent residence' [under § 1332(a)(2)] means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." *Filmkraft Prods. India Pvt, Ltd. v. Spektrum Entm't, Inc.*, No. 2:08-CV-1293 JCM (GWF), 2011 U.S. Dist. LEXIS 38687, *8 (D. Nev. Apr. 8, 2011) *see also Walker v. McCarty*, No. EDCV 19-627 JGB (SHKx), 2019 U.S. Dist. LEXIS 138504, 2019 WL 3818218, at *2 (C.D. Cal. Aug. 14, 2019) ("Defendant has no legal [immigration] status in the United States. This action thus does not fall within the exception for permanent residents residing in the same state [under § 1332(a)(2)]."); *Asare-Antwi v. Wells Fargo*, No. SACV 19-00887 JVS (KESx), 2019 U.S. Dist. LEXIS 117546, 2019 WL 3073942, at *3 (C.D. Cal. July 15, 2019) (finding complete diversity exists because "[a]lthough [British citizen] Plaintiff contends that having a primary U.S. residence in California makes him a California citizen, absent a showing that he is an LPR, that argument fails").

RESPONSE TO OSC RE: DIVERSITY JURISDICTION

Thus, the Court has subject matter jurisdiction.


By: _____/s/_____

Zheng "Andy" Liu
*Attorneys for Defendant*
*Shun Guo*

RESPONSE TO OSC RE: DIVERSITY JURISDICTION