UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAIYU ZHANG,

           Plaintiff,

   v.

SHUN GUO,

           Defendant.

Case No.  26-cv-00989-AGT

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 5

Defendant Shun Guo moves to dismiss, dkt. 5, pro se plaintiff Kaiyu Zhang's com-plaint. Dkt. 1. Zhang opposes. Dkt. 8 Guo, who is represented, did not file any optional reply. The Court finds this matter appropriate for resolution without a hearing. *See* Civil L.R. 7-1(b). Having been assured of its subject matter jurisdiction, *see* dkts. 13 & 14, the Court denies the motion to dismiss.[1]

## 1.  Zhang States a Claim for Battery

"A battery is any intentional, unlawful and harmful contact by one person with the person of another." *Piedra v. Dugan,* 21 Cal. Rptr. 3d 36, 48 (Cal. Ct. App. 2004). "The elements of a battery claim in California are that (1) the defendant intentionally did an act

---

[1] In light of the parties' responses, the Court finds it has subject matter jurisdiction and the order to show cause regarding subject matter jurisdiction, dkt. 9, is discharged. 28 U.S.C. § 1332(a)(2) bars federal courts from exercising jurisdiction in "an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." The parties agree that Zhang is not a lawful permanent resident, *see* dkt. 13 & 14, and thus the Court may properly exercise diversity jurisdiction. 28 U.S.C. § 1332(a).

that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007).

Zhang fails to allege that Guo made any contact with Zhang. *See* dkt. 1. Without contact, there can be no battery. Guo argues therefore that this claim must be dismissed. Dkt. 5 at 6–7.[2]

In opposition, Zhang does not allege any contact but instead responds that liability may arise where joint conduct is alleged. Dkt. 8 at 3. It's true that in California, "[t]he concert of action theory of group liability may be used to impose liability on a person who did not personally cause the harm to plaintiff, but whose advice or encouragement to act operates as a moral support to a tortfeasor, and if the act encouraged is known to be tortious, it has the same effect upon the liability of the adviser as participation or physical assistance." *Navarrete v. Meyer*, 188 Cal. Rptr. 3d 623, 632 (Cal. Ct. App. 2015), *as modified* (July 22, 2015) (cleaned up)

Here, Zhang alleges sufficient facts to support a claim of joint liability for Guo. In his complaint, Zhang writes that Guo was a member of a group which followed Zhang from a protest at the Asia-Pacific Economic Cooperation summit in November of 2023. Dkt. 1 at 11. Guo's group of nine stood on the sidewalk near the protest. *Id.* After Zhang and his companions walked by a man in a red hat, that man made a call to a member of the group of nine. *Id.* Then, all nine members turned to look at Zhang and began following Zhang and his companions. *Id.* They hurled verbal insults at Zhang. *Id.* at 12. As Zhang and his companions approached a gas station, the man in a red hat walked in front of them. *Id.* The group of nine

---

[2] References to page numbers correspond to the ECF page numbers at the top of each page.

still followed behind. *Id.* Three other men approached from another direction, one of whom tackled Zhang. *Id.* Zhang was then surrounded and struck repeatedly, losing consciousness. *Id.* at 12–13.

For the purposes of the motion to dismiss, the Court finds that Zhang has plausibly alleged that Guo — by participating in a group tailing Zhang immediately prior to an alleged attack — lent assistance to alleged tortfeasors, such that Guo might be liable under a joint liability theory. *See Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 469 (Cal. Ct. App. 2007) ("Liability may be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.") (cleaned up). The Court denies the motion to dismiss the battery claim.

### 2. Zhang States a Claim for Assault

"[A]n assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present." *Lowry v. Standard Oil Co. of Cal.*, 146 P.2d 57, 60 (Cal. Dist. Ct. App. 1944). As with battery, a defendant may be liable for assault under an aiding-and-abetting theory if the defendant "substantially assisted" the intentional tort or if the defendant's substantial assistance in and of itself amounts to a breach of a duty to a third party. *See Austin B.,* 57 Cal. Rptr. 3d at 469; *see also Campbell v. Feld Ent. Inc.*, No. 12-CV-4233-LHK, 2014 WL 1366581, at *14 (N.D. Cal. Apr. 7, 2014) (noting same).

Guo argues that Zhang's assault claim fails because Zhang does not show that Guo intended to inflict an immediate injury on Zhang. Dkt. 5 at 7–8. Zhang responds that his

allegations of a group pursuit, coordinated movement and intimidating conduct plausibly support his apprehension of imminent harm. Dkt. 8 at 3. The Court agrees with Zhang: for the reasons stated above, this claim is plausibly plead. Guo's motion to dismiss this assault claim is denied.

### 3.   Zhang States a Claim for Intentional Infliction of Emotional Distress

"A cause of action for intentional infliction of emotional distress (IIED) exists where there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (cleaned up). "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (cleaned up).

Guo moves to dismiss the IIED claim because none of the conduct alleged in the complaint rises to the level of outrageous conduct. Dkt. 5 at 9. Zhang argues in response only that this is a factual issue, not appropriate for resolution at this stage. Dkt. 8 at 3.

Zhang is incorrect that this is an issue inappropriate for resolution at this stage: "It is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Jackson v. Mayweather*, 217 Cal. Rptr. 3d 234, 257 (Cal. Ct. App. 2017), *as modified* (Apr. 19, 2017).

Reviewing the IIED claim, the Court finds that Zhang has plausibly stated a claim. First, Guo allegedly tailed Zhang and his companion immediately prior to a serious physical altercation and in connection with that assault. Dkt. 1 at 13. That could be extreme, outrageous conduct, done with disregard for or the intention of causing distress. Next, Zhang

alleges suffering extreme emotional distress: he alleges experiencing major depressive disorder and post-traumatic stress disorder. *Id.* at 14 & 15. He alleges experiencing a suicidal crisis in September 2024 and now must take antidepressants. *Id.* at 14. Additionally, he no longer communicates with family in China, out of fear for their safety, and can only work three to four hours per day. *Id.* Lastly, Zhang pleads that the assault, which Guo allegedly participated in, is the cause of this emotional distress. *Id.*

In light of this, Guo's request to dismiss this claim is denied.

### 4. Zhang States a Claim for Civil Conspiracy

"Civil conspiracy is not an independent tort. Instead, it is a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *City of Indus. v. City of Fillmore*, 129 Cal. Rptr. 3d 433, 450 (Cal. Ct. App. 2011), *as modified* (Aug. 24, 2011) (cleaned up).

Guo argues that this claim must be dismissed because it's not an independent claim. Dkt. 5 at 5–6. Zhang doesn't respond to that argument in opposition but instead argues that he is pleading an agreement and joint action. Dkt. 8 at 3–4.

Guo is correct that civil conspiracy is not a stand-alone cause of action. But, the Court has denied Guo's requests to dismiss the underlying tort claims. Because those claims remain at issue, the Court also denies Guo's request to dismiss the civil conspiracy claim. *See, e.g.*, *In re PFA Ins. Mktg. Litig.*, 696 F. Supp. 3d 822, 864 (N.D. Cal. 2022) (denying summary judgment on civil conspiracy claim, explaining that the underlying tort claims remained at issue).

/ / /

### 5.  Conclusion

The Court denies Guo's motion to dismiss.

This order dispenses with dkt. 5.

**IT IS SO ORDERED.**

Dated: May 8, 2026

Alex G. Tse
United States Magistrate Judge