KAIYU ZHANG
205 E Garvey Ave
Monterey Park, CA 91755
Phone: 213-726-6950
Email:  kaiyuzhang89@gmail.com

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAIYU ZHANG<br><br>                              Plaintiff<br><br>      v.<br><br>SHUN GUO; and DOES 1 through 12,<br><br>inclusive<br><br>                              Defendants. | Case No.: 3:26-cv-00989-AGT<br><br>**PLAINTIFF'S MOTION TO CHANGE TIME PURSUANT TO CIVIL L.R. 6-3 TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES**<br><br>Current CMC Date: August 14, 2026<br>Time: 2:00 p.m.<br>Via Zoom Webinar<br><br>The Honorable Alex G. Tse |

## I.  RELIEF REQUESTED

Plaintiff Kaiyu Zhang, appearing pro se, respectfully moves this Court under Civil Local Rule 6-3 for an order continuing the Initial Case Management Conference currently set for August 14, 2026 at 2:00 p.m., and the associated case management deadlines, by approximately sixty days, to October 16, 2026 at 2:00 p.m., or to such other date as is convenient to the Court.

This motion is supported by the accompanying Declaration of Kaiyu Zhang and the [Proposed] Order submitted herewith.

## II.  GROUNDS FOR THE REQUESTED CONTINUANCE (Civil L.R. 6-3(a)(1))

1.  Plaintiff is seeking to retain counsel, including by seeking assistance from a law school clinic, and has prepared a case summary and supporting materials for that purpose. Law school clinics ordinarily evaluate and take on new matters at or after the start of the academic term. A continuance of approximately sixty days would afford a clinic or other counsel a realistic opportunity to evaluate this action, accept representation, and appear on Plaintiff's behalf before the conference is held.

2.  Plaintiff's health at present substantially limits his ability to prepare adequately for, and meaningfully participate in, the Initial Case Management Conference without representation. Plaintiff does not wish to burden the public record with medical detail, but is prepared to provide further information to the Court in camera or under seal should the Court so request.

3.  This action has only recently proceeded past the pleading stage. The Court denied Defendant's motion to dismiss on May 8, 2026. Dkt. 16. The preparatory deadlines set in the Court's February 2, 2026 scheduling order, Dkt. 4 — including the ADR certification, the Rule 26(f) conference, initial disclosures, and the joint case management statement — were keyed to the original May 1, 2026 conference date and elapsed while the Court's order to show cause regarding subject matter jurisdiction, Dkt. 9, the order for further briefing, Dkt. 12, and Defendant's motion to dismiss, Dkt. 5, were pending. A continuance would permit those deadlines to be reset in an orderly fashion against a workable conference date.

4.  No trial date, discovery cutoff, expert disclosure deadline, or dispositive motion deadline has been set in this action. No discovery has been propounded by either party. Plaintiff is aware of no right or opportunity that any party would lose by reason of the requested continuance.

## III.  EFFORTS TO OBTAIN A STIPULATION (Civil L.R. 6-3(a)(2))

On July 31, 2026, Plaintiff sent written correspondence to counsel for Defendant, Zheng "Andy" Liu, at his address of record and at the additional address counsel's office has used in corresponding with Plaintiff, with a copy to counsel's law clerk, requesting that the parties stipulate to the relief

sought in this motion. Plaintiff proposed the specific continued date of October 16, 2026, identified the associated deadlines to be adjusted, noted that this would be the first continuance requested by either party, and requested a response the same day in light of the fourteen-day requirement of Civil Local Rule 6-1(b). Plaintiff further advised counsel that Plaintiff would prepare the stipulation and proposed order for counsel's review if Defendant agreed. The particulars of this correspondence are set forth in the accompanying declaration.

## IV.  SUBSTANTIAL HARM OR PREJUDICE (Civil L.R. 6-3(a)(3))

If the requested continuance is not granted, Plaintiff will be required to appear at the Initial Case Management Conference, and to commit to a case schedule governing discovery, expert disclosure, dispositive motions, and trial, while unrepresented and while his health materially limits his capacity to prepare. The schedule set at an initial case management conference governs the balance of the litigation. A party who is unable to prepare adequately risks agreeing to deadlines he cannot meet, failing to identify the discovery he will need, and forfeiting positions on case management that cannot practicably be revisited later. Plaintiff respectfully submits that a modest continuance, sought before rather than after these consequences materialize, is the least burdensome course for both the parties and the Court.

## V.  PREVIOUS TIME MODIFICATIONS (Civil L.R. 6-3(a)(5))

No party has previously requested any modification of time in this action, whether by stipulation or by motion. The only prior change to the conference date was made by the Court on its own initiative: on April 29, 2026, the Clerk rescheduled the Initial Case Management Conference from May 1, 2026 to August 14, 2026. Dkt. 15.

## VI.  EFFECT ON THE SCHEDULE FOR THE CASE (Civil L.R. 6-3(a)(6))

Because no discovery cutoff, expert disclosure deadline, dispositive motion deadline, pretrial conference date, or trial date has been set, the requested modification would affect only the Initial Case Management Conference and the preparatory deadlines associated with it. Plaintiff proposes that those deadlines be reset in the same relation to the continued conference date as the Court originally set them in Dkt. 4:

> ADR certification and Rule 26(f) conference (21 days before): September 25, 2026
> Initial disclosures and joint case management statement (7 days before): October 9, 2026
> Initial Case Management Conference: October 16, 2026 at 2:00 p.m.

## VII.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court continue the Initial Case Management Conference and the associated deadlines as set forth above, or grant such other relief as the Court deems appropriate.

Dated: July 31, 2026

<div style="margin-left:40%">

Respectfully submitted,

/s/ Kaiyu Zhang
KAIYU ZHANG
Plaintiff, Pro Se

</div>

**DECLARATION OF KAIYU ZHANG IN SUPPORT OF
MOTION TO CHANGE TIME UNDER CIVIL L.R. 6-3**

I, Kaiyu Zhang, declare as follows:

1.  I am the plaintiff in this action and I appear pro se. I have personal knowledge of the matters stated below and, if called as a witness, could and would competently testify to them.

2.  I am seeking to retain counsel to represent me in this action, including by seeking assistance from a law school clinic. I have prepared a case summary and supporting materials for that purpose. It is my understanding that law school clinics evaluate and take on new matters at or after the start of the academic term.

3.  I am presently experiencing health difficulties that substantially limit my ability to concentrate, to organize litigation materials, and to prepare for and participate meaningfully in a case management conference without the assistance of counsel. I have not set out medical detail in this filing, and I respectfully request that I not be required to do so on the public record. I am willing to provide further information to the Court in camera or under seal if the Court requires it.

4.  On July 31, 2026, I sent an email to counsel for Defendant, Zheng "Andy" Liu, at Andy.Liu@AptumLaw.us, his address of record in this action, and at bjliuzheng@gmail.com, the address from which counsel's office has corresponded with me in this case, with a copy to counsel's law clerk, Oscar Lam, at hkoscarlam@gmail.com. In that email I asked whether Defendant would stipulate to continue the Initial Case Management Conference set for August 14, 2026, and the associated case management deadlines, by approximately sixty days. I proposed October 16, 2026 at 2:00 p.m., or another date convenient to the Court. I identified the joint case management statement, the Rule 26(f) conference, initial disclosures, and the ADR certification as the deadlines to be adjusted. I stated that this would be the first continuance requested by either party, requested a response that day in light of Civil Local Rule 6-1(b), and offered to prepare the stipulation and proposed order for counsel's review if Defendant agreed.

5.  As of the filing of this motion, I have not received a response from Defendant or Defendant's counsel to that request. I remain willing to stipulate, and if Defendant agrees to the relief sought I will promptly submit a stipulation and withdraw this motion.

6.  No party has previously requested any modification of time in this action. On April 29, 2026, the Clerk rescheduled the Initial Case Management Conference from May 1, 2026 to August 14, 2026. Dkt. 15. That change was made by the Court and was not requested by either party.

7.  To my knowledge, no discovery has been served by either party, and no trial date, discovery cutoff, expert disclosure deadline, or dispositive motion deadline has been set in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 31, 2026, at Monterey Park, California.

/s/ Kaiyu Zhang
KAIYU ZHANG
Plaintiff, Pro Se

MOTION TO CHANGE TIME UNDER CIVIL L.R. 6-3 — Case No. 3:26-cv-00989-AGT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, I filed the foregoing PLAINTIFF'S MOTION TO CHANGE TIME PURSUANT TO CIVIL L.R. 6-3, the DECLARATION OF KAIYU ZHANG, and the [PROPOSED] ORDER through the Court's CM/ECF system, which will send notification of such filing to counsel of record. I further served a copy of the foregoing on counsel for Defendant by electronic mail at the following addresses:

Zheng "Andy" Liu — Andy.Liu@AptumLaw.us; bjliuzheng@gmail.com
Oscar Lam, Law Clerk — hkoscarlam@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 31, 2026

/s/ Kaiyu Zhang
KAIYU ZHANG
Plaintiff, Pro Se