KAIYU ZHANG

205 E Garvey Ave

Monterey Park, CA 91755

Phone: 213-726-6950

Email:  kaiyuzhang89@gmail.com

Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIYU ZHANG | ) Case No.: 3:26-cv-00989-AGT |
| | ) |
| Plaintiff | ) **PLAINTIFF'S SEPARATE CASE** |
| v. | ) **MANAGEMENT STATEMENT** |
| SHUN GUO; and DOES 1 through 12, | ) |
| inclusive | ) Current CMC Date: August 14, 2026 |
| | ) Time: 2:00 p.m. |
| Defendants. | ) Via Zoom Webinar |
| | ) |
| | ) The Honorable Alex G. Tse |

Plaintiff Kaiyu Zhang, appearing in propria persona, submits this separate Case Management Statement pursuant to Civil Local Rule 16-9(a), which permits the filing of separate case management statements where one or more of the parties is not represented by counsel.

On August 2, 2026, Plaintiff proposed to counsel for Defendant that the parties conduct the conference required by Federal Rule of Civil Procedure 26(f) in writing, and stated Plaintiff's positions on each of the required subjects. On August 3, 2026, at counsel's request, Plaintiff

transmitted a complete draft joint case management statement identifying by section number each place where Defendant's positions had been left blank, and asked that Defendant's positions be returned by August 6, 2026 so that a joint statement could be filed. Plaintiff received no response. The positions stated below are Plaintiff's alone. Plaintiff does not purport to state Defendant's positions on any subject.

**1.  Jurisdiction and Service**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Defendant removed this action from the Superior Court of California, County of San Francisco (Case No. CGC-25-631165) on January 30, 2026. Dkt. 1. On March 12, 2026, the Court issued an order to show cause regarding subject matter jurisdiction, Dkt. 9, and on March 30, 2026 ordered further briefing, Dkt. 12. The parties responded. Dkts. 13, 14. On May 8, 2026, the Court found that it has subject matter jurisdiction and discharged the order to show cause, concluding that Plaintiff is not a lawful permanent resident and that 28 U.S.C. § 1332(a)(2) therefore does not bar the exercise of diversity jurisdiction. Dkt. 16 at 1 n.1.

No issues exist regarding personal jurisdiction or venue. Venue is proper under 28 U.S.C. § 1441(a).

Defendant Shun Guo has appeared. Doe Defendants 1 through 12 have not been identified or served. Plaintiff anticipates identifying them through discovery and proposes a deadline of February 12, 2027 for amending the pleadings to substitute named parties for Doe Defendants and for completing service on any party so added.

**2.  Facts**

**Plaintiff's statement.** On November 17, 2023, the final day of the APEC summit in San Francisco, Plaintiff participated in a political demonstration. Plaintiff alleges that as he left the protest site, he encountered a group of nine men, including Defendant, standing together and blocking the sidewalk. Several members of the group, including Defendant, wore red scarves or a red headband, an insignia commonly used by CCP-aligned supporters during the APEC summit, and several wore masks concealing their identities.

Plaintiff alleges that after he passed the group, its members followed him in formation, matching his pace and shouting threats and insults; that a tattooed man wearing a red headband led the group's movement and aggression; and that Defendant walked closely behind that man throughout the pursuit.

Plaintiff further alleges that as he neared a gas station, three additional men wearing masks approached from another direction; that the tattooed man wearing the red headband — a member of the nine-man group that had followed Plaintiff — came from behind Plaintiff and initiated the assault by tackling him to the ground; that a member of the three-man group, already at Plaintiff's side, assisted in taking him down; and that the attackers then surrounded Plaintiff and struck him repeatedly until he lost consciousness.

Plaintiff alleges that the confrontation was coordinated and ideologically motivated; that during the days of the APEC summit other demonstrators were assaulted by CCP-aligned supporters; and that Defendant advanced with the group toward Plaintiff, remained with the group throughout the coordinated pursuit, and contributed to the execution of the ambush. Plaintiff alleges resulting physical injuries and severe emotional distress, including major depressive disorder and post-traumatic stress disorder.

**Defendant's statement.** Defendant has not stated his position on the facts. Principal factual issues in dispute:

(a) Whether Defendant participated in the physical attack on Plaintiff, or acted in concert with or gave substantial assistance or encouragement to those who did;

(b) Defendant's knowledge and intent, and whether any agreement or common plan existed among the participants;

(c) The identities and respective roles of the other participants, including the tattooed man wearing the red headband and Doe Defendants 1 through 12;

(d) The nature, extent, and cause of Plaintiff's physical and psychological injuries and resulting damages.

**3. Legal Issues**

(a) Whether Defendant is liable for the battery and assault, through his own conduct or on the basis of concerted action with, or substantial assistance to, the other participants.

(b) Whether Defendant's alleged conduct satisfies the elements of intentional infliction of emotional distress.

(c) Whether Plaintiff can establish the agreement or common plan required for his civil conspiracy allegations.

(d) Whether Plaintiff is entitled to exemplary damages under California Civil Code § 3294.

(e) Any affirmative defenses Defendant may assert. Defendant has not filed a responsive pleading and has not identified any affirmative defense.

## 4. Motions

**Prior motions.** Defendant moved to dismiss under Rule 12(b)(6) on February 7, 2026. Dkt. 5. Plaintiff opposed on February 23, 2026. Dkt. 8. The Court denied the motion in its entirety on May 8, 2026. Dkt. 16. The Court's order to show cause regarding subject matter jurisdiction, Dkt. 9, was discharged in the same order. Dkt. 16 at 1 n.1.

**Status of the pleadings.** Defendant has not filed an answer or other responsive pleading. Defendant's responsive pleading became due fourteen days after the Court's May 8, 2026 order denying the motion to dismiss. Plaintiff respectfully requests that the Court set a date for Defendant's responsive pleading, and proposes the date set out in Section 15 below.

**Pending motions.** On July 31, 2026, Plaintiff filed a motion under Civil L.R. 6-3 to continue the Initial Case Management Conference. Dkt. 17. That motion remains pending. Defendant has not filed a response.

**Anticipated motions.** Plaintiff anticipates moving for leave to amend to substitute named defendants for Doe Defendants once their identities are established. Plaintiff anticipates that dispositive motions may be filed following the close of fact discovery. Either party may file discovery motions if disputes cannot be resolved through meet and confer.

## 5. Amendment of Pleadings

Plaintiff expects to amend the complaint to substitute named individuals for Doe Defendants

1 through 12 upon their identification in discovery. Defendant has not filed an answer and has not asserted any counterclaim. Plaintiff proposes February 12, 2027 as the deadline for amending the pleadings and adding parties.

## 6. Evidence Preservation

The conference required by Federal Rule of Civil Procedure 26(f) has not occurred. The deadline for that conference fell during the pendency of Defendant's motion to dismiss and the Court's order to show cause regarding subject matter jurisdiction. On August 2, 2026, Plaintiff proposed that the parties conduct the conference in writing and stated Plaintiff's positions on each required subject. Defendant did not respond. Plaintiff proposes that the conference be completed by the date set out in Section 15 below, at which time the parties will address proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

Plaintiff has reviewed the Guidelines for the Discovery of Electronically Stored Information and the accompanying Checklist for ESI Meet and Confer.

Plaintiff has taken reasonable and proportionate steps to preserve evidence relevant to this action within his possession, custody, or control, including photographs and video recordings of the events of November 17, 2023, medical and mental health treatment records, and electronic communications relating to those events. Plaintiff has suspended any routine deletion of relevant electronic materials.

Defendant has not stated whether counsel has reviewed the Guidelines and has not described any steps taken to preserve evidence.

## 7. Disclosures

Initial disclosures under Fed. R. Civ. P. 26(a)(1) have not yet been exchanged. Plaintiff proposes that the parties exchange initial disclosures on or before September 4, 2026.

## 8. Discovery

**Discovery taken to date.** None.

**Scope of anticipated discovery.** Plaintiff anticipates written discovery directed to Defendant's presence at and participation in the events of November 17, 2023, his associations with

other participants, and his communications before, during, and after the incident; document requests for photographs, video recordings, and electronic communications; depositions of Defendant and of percipient witnesses; and third-party discovery, including subpoenas to law enforcement agencies, event organizers, media organizations, and social media platforms, directed to the video and photographic record of the incident and to the identification of Doe Defendants.

Plaintiff also anticipates discovery concerning the organization and coordination of the group's presence at the APEC summit, including how participants were assembled, directed, and identified to one another, and concerning other assaults on demonstrators reported during the summit, including whether any of the individuals involved in the November 17, 2023 incident participated in those incidents.

Plaintiff further anticipates discovery relating to damages, including expert discovery on psychological injury.

Defendant has not stated the scope of his anticipated discovery.

**Proposed limitations or modifications.** Plaintiff proposes no changes to the presumptive limits of the Federal Rules of Civil Procedure at this time, and reserves the right to seek modification for good cause.

**Protective order and e-discovery.** Because discovery will involve Plaintiff's medical and mental health records, Plaintiff proposes that the parties submit a stipulated protective order, together with a stipulated protocol for electronically stored information addressing the inadvertent production of privileged material, within 30 days of the Case Management Conference.

**Discovery disputes.** None to date.

**9. Class Actions**

Not applicable. This is not a class action.

**10. Related Cases**

Plaintiff is not aware of any related civil case pending before another judge of this Court or before another court. Defendant has not stated whether he is aware of any related proceeding.

**11. Relief**

Plaintiff seeks:

- General damages for pain, suffering, emotional distress, and loss of enjoyment of life;
- Special damages for past and future medical and psychological treatment;
- Damages for loss of earning capacity;
- Exemplary and punitive damages under California Civil Code § 3294;
- Costs of suit and litigation expenses; and
- Pre-judgment and post-judgment interest as provided by law.

Plaintiff's damages exceed $75,000. Economic damages will be calculated based on documented treatment expenses, projected future treatment costs, and the reduction in Plaintiff's earning capacity attributable to his injuries. Non-economic damages will be based on the nature and duration of Plaintiff's physical injuries and diagnosed psychological conditions. Plaintiff will provide a computation of damages with his initial disclosures and will supplement it following expert discovery.

Defendant has not stated the bases on which he contends damages should be calculated if liability is established.

**12.  Settlement and ADR**

The parties have not engaged in settlement discussions to date. The deadline for ADR certification fell during the pendency of the motion to dismiss and the order to show cause. Plaintiff will promptly file the ADR Certification required by Civil L.R. 16-8(b) and ADR L.R. 3-5.

Plaintiff will participate in the ADR process in good faith, but states candidly that his principal objective in this action is a public adjudication on the merits rather than a monetary recovery. Plaintiff would not agree to any resolution conditioned on confidentiality or on the withdrawal or sealing of the allegations in this action.

Plaintiff proposes referral to a settlement conference before a Magistrate Judge other than the assigned Judge, or in the alternative to court-connected mediation. Plaintiff proposes that the ADR session occur after the close of fact discovery, when the parties will be better positioned to evaluate the case, and be completed no later than July 15, 2027, but is willing to participate earlier if

Defendant prefers. The discovery most likely to position the parties for resolution consists of the video and photographic record of the November 17, 2023 events and Plaintiff's treatment records.

Defendant has not stated a position on settlement or ADR.

**13.  Other References**

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.  Narrowing of Issues**

Plaintiff identifies the following as the issues most consequential to the case:

(1)  Whether Defendant participated in the attack on Plaintiff on November 17, 2023, or acted in concert with or gave substantial assistance to those who did.

(2)  The identities and roles of the other participants in the incident, including Doe Defendants 1 through 12.

(3)  The nature, extent, and causation of Plaintiff's claimed physical and psychological injuries.

Resolution of issues (1) and (2) may be expedited by prioritizing discovery of the photographic and video record of the incident early in the discovery period.

Plaintiff is prepared to meet and confer regarding stipulations to the date, location, and occurrence of the incident, to the authenticity of photographic and video records, and to Plaintiff's medical records, in order to focus the evidence at trial on the disputed question of Defendant's participation.

**15.  Scheduling**

| Event | Proposed Date |
| --- | --- |
| Rule 26(f) conference completed | August 21, 2026 |
| Defendant's responsive pleading | August 21, 2026 |
| ADR certification and ADR process selection | August 28, 2026 |

| | |
|---|---|
| Exchange of initial disclosures (Fed. R. Civ. P. 26(a)(1)) | September 4, 2026 |
| Last day to amend pleadings or add parties, including substitution for Doe Defendants | February 12, 2027 |
| Close of fact discovery | May 14, 2027 |
| Designation of experts and opening expert reports | June 11, 2027 |
| Designation of rebuttal experts and rebuttal reports | July 9, 2027 |
| Close of expert discovery | August 6, 2027 |
| Last day to hear dispositive motions | October 8, 2027 |
| Final pretrial conference | December 3, 2027 |
| Trial | January 10, 2028 |

If the Court grants Plaintiff's pending motion to continue the Initial Case Management Conference, Dkt. 17, Plaintiff respectfully requests that the foregoing dates be adjusted accordingly.

**16. Trial**

Plaintiff demands a trial by jury and will also file a standalone written demand. Plaintiff estimates that trial will require approximately four to five court days.

**17. Disclosure of Non-party Interested Entities or Persons**

Plaintiff certifies pursuant to Civil L.R. 3-15 that he is not aware of any conflict the presiding judge may have with the parties, and that other than the named parties, he knows of no persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. This Court's jurisdiction being based on diversity under 28 U.S.C. § 1332(a), Plaintiff further certifies that the only citizenship attributed to him is his own: Kaiyu Zhang, citizen of China.

Defendant has not filed a certification under Civil L.R. 3-15.

**18.  Professional Conduct**

Plaintiff, proceeding pro se, has reviewed the Guidelines for Professional Conduct for the Northern District of California. Defendant has not confirmed whether counsel has reviewed the Guidelines.

**19.  Other Matters**

Both parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. Dkts. 2, 7.

Plaintiff is proceeding pro se and is actively seeking representation. Plaintiff's motion to continue the Initial Case Management Conference on that basis is pending. Dkt. 17. Plaintiff submits this statement so that the Court is not left without a case management statement while that motion is under submission. If the Court grants the motion, Plaintiff will confer with Defendant and file a joint or amended statement in advance of any continued conference.

Dated: August 7, 2026

/s/ Kaiyu Zhang

KAIYU ZHANG

Plaintiff, in pro per

PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT— Case No. 3:26-cv-00989-AGT