KAIYU ZHANG
205 E Garvey Ave
Monterey Park, CA 91755
Phone: 213-726-6950
Email: kaiyuzhang89@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAIYU ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>SHUN GUO; and DOES 1 through 12, inclusive,<br><br>Defendants. | Case No.: 3:26-cv-00989-AGT<br><br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Date: October 16, 2026<br>Time: 2:00 p.m.<br>Place: Videoconference<br>Judge: Hon. Alex G. Tse |

Plaintiff Kaiyu Zhang, who is representing himself, submits this separate Case Management Statement in advance of the Initial Case Management Conference set for October 16, 2026. The parties held their Rule 26(f) conference by telephone on September 25, 2026, and agreed that Plaintiff would circulate a draft joint statement. On October 4, 2026, Plaintiff sent a complete draft to Defendant's counsel and asked for Defendant's portions by October 7, 2026. As of the filing of this statement, Defendant's counsel has not responded. Plaintiff therefore files this statement separately.

**1. Jurisdiction and Service**

The Court has subject matter jurisdiction based on diversity of citizenship. Defendant removed this action from the Superior Court of California, County of San Francisco (Case No. CGC-25-631165) on January 30, 2026. Dkt. 1. Following an order to show cause regarding subject matter jurisdiction and further briefing (Dkts. 9, 12, 13, 14), the Court found on May 8,

2026 that it has subject matter jurisdiction. Dkt. 16. No issues exist regarding personal jurisdiction or venue.

Defendant Shun Guo has appeared and answered. Dkt. 22. Does 1 through 12 have not been identified or served. Plaintiff expects to identify them through discovery and proposes the deadline in Section 15 for substituting named defendants and completing service on any party added.

**2. Facts**

**Plaintiff's statement.** On November 17, 2023, the final day of the APEC summit, Plaintiff participated in a political demonstration in South San Francisco. Plaintiff alleges that as he left the protest site, he encountered a group of nine men, including Defendant, standing together and blocking the sidewalk. Several members of the group, including Defendant, wore red scarves or a red headband, an insignia commonly used by CCP-aligned supporters during the APEC summit, and several wore masks concealing their identities.

Plaintiff alleges that after he passed the group, its members followed him in formation, matching his pace and shouting threats and insults; that a tattooed man wearing a red headband led the group's movement and aggression; and that Defendant walked closely behind that man throughout the pursuit. Plaintiff further alleges that as he neared a gas station, three additional men wearing masks approached from another direction; that the tattooed man wearing the red headband, a member of the nine-man group that had followed Plaintiff, came from behind Plaintiff and initiated the assault by tackling him to the ground; that a member of the three-man group, already at Plaintiff's side, assisted in taking him down; and that the attackers then surrounded Plaintiff and struck him repeatedly until he lost consciousness.

Plaintiff alleges that the attack was coordinated and ideologically motivated; that during the APEC summit other demonstrators were assaulted by CCP-aligned supporters; and that Defendant advanced with the group toward Plaintiff, remained with the group throughout the pursuit, and contributed to carrying out the ambush. Plaintiff alleges resulting physical injuries and severe emotional distress, including major depressive disorder and post-traumatic stress disorder.

**Defendant's position.** Defendant's answer denies the material allegations of the complaint and asserts six affirmative defenses. Dkt. 22.

**Principal factual issues in dispute:**

(a) Whether Defendant was present during the events of November 17, 2023, and was with the group that followed Plaintiff;

(b) Whether Defendant participated in the attack on Plaintiff, or acted in concert with or gave substantial assistance or encouragement to those who did;

(c) Defendant's knowledge and intent, and whether any agreement or common plan existed among the participants;

(d) The identities and roles of the other participants, including the tattooed man wearing the red headband and Does 1 through 12;

(e) The nature, extent, and cause of Plaintiff's physical and psychological injuries and resulting damages; and

(f) The facts underlying Defendant's affirmative defenses.

**3. Legal Issues**

(a) Whether Defendant is liable for assault and battery, through his own conduct or on the basis of concerted action with, or substantial assistance to, the other participants.

(b) Whether Defendant's conduct satisfies the elements of intentional infliction of emotional distress.

(c) Whether Plaintiff can establish the agreement or common plan required for civil conspiracy.

(d) Whether Plaintiff is entitled to punitive damages.

(e) Whether Defendant can establish any of the affirmative defenses asserted in his answer. Dkt. 22.

**4. Motions**

**Prior motions.** Defendant moved to dismiss on February 7, 2026. Dkt. 5. Plaintiff opposed. Dkt. 8. The Court denied the motion on May 8, 2026. Dkt. 16. On July 31, 2026,

Plaintiff moved to continue the Initial Case Management Conference. Dkt. 17. The Court granted the motion on August 10, 2026. Dkt. 19.

**Pending motions.** None.

**Anticipated motions.** Plaintiff anticipates moving for leave to amend to substitute named defendants for Does 1 through 12 once their identities are established, and anticipates that dispositive motions may be filed after the close of fact discovery. Either party may bring discovery disputes before the Court if they cannot be resolved by meeting and conferring.

**5. Amendment of Pleadings**

Defendant answered the complaint on September 27, 2026 and asserted no counterclaim. Dkt. 22. Plaintiff expects to amend the complaint to substitute named individuals for Does 1 through 12 once they are identified in discovery, and proposes the deadline in Section 15.

**6. Evidence Preservation**

Plaintiff has reviewed the Court's Guidelines for the Discovery of Electronically Stored Information and the accompanying Checklist for ESI Meet and Confer. Plaintiff has taken reasonable and proportionate steps to preserve evidence within his possession, custody, or control, including photographs and video recordings of the events of November 17, 2023, medical and mental health treatment records, and electronic communications relating to those events, and has suspended any routine deletion of relevant electronic materials.

At the Rule 26(f) conference, Plaintiff asked Defendant to confirm that he is preserving all photographs, video, call records, text messages, and WeChat communications relating to the events of November 17, 2023, including group chats and communications with others present that day. Plaintiff renewed that request in writing on September 25, 2026. Plaintiff's position is that Defendant's duty to preserve this evidence arose when he became aware of the events, not when this action was filed. As of the date of this statement, Defendant has not confirmed what steps have been taken.

**7. Disclosures**

The parties agreed at the Rule 26(f) conference to exchange initial disclosures on or before October 9, 2026, the date set by the Court. Dkt. 19. Plaintiff served his initial disclosures on October 9, 2026.

**8. Discovery**

**Discovery taken to date.** On October 2, 2026, Plaintiff served his first set of requests for admission and first set of interrogatories on Defendant.

**Scope of anticipated discovery.** Plaintiff anticipates written discovery directed to Defendant's presence at and participation in the events of November 17, 2023, his associations with other participants, and his communications before, during, and after the incident; document requests for photographs, video recordings, and electronic communications; depositions of Defendant and of percipient witnesses; and third-party discovery, including subpoenas to law enforcement agencies, event organizers, media organizations, and social media platforms, directed to the video and photographic record of the incident and to the identification of Does 1 through 12. Plaintiff also anticipates discovery concerning the organization and coordination of the group's presence at the APEC summit, and concerning other assaults on demonstrators reported during the summit, including whether any of the individuals involved in the November 17, 2023 incident took part in them. Plaintiff further anticipates discovery relating to damages, including expert discovery on psychological injury.

**Proposed limitations or modifications.** Plaintiff proposes no changes to the presumptive discovery limits at this time.

**Protective order and electronically stored information.** Discovery will involve Plaintiff's medical and mental health records and other sensitive personal information. Plaintiff proposes that the parties submit, within 30 days after the Case Management Conference, a stipulated protective order based on the Court's model protective order for standard litigation, and a stipulated order regarding the discovery of electronically stored information based on the Court's model order, including a provision addressing the inadvertent production of privileged material.

**Discovery disputes.** None to date.

**9. Class Actions**

Not applicable.

**10. Related Cases**

Plaintiff is not aware of any related case.

**11. Relief**

Plaintiff seeks:

- General damages for pain, suffering, emotional distress, and loss of enjoyment of life;
- Special damages for past and future medical and psychological treatment;
- Punitive damages;
- Costs of suit; and
- Prejudgment and post-judgment interest as allowed by law.

Plaintiff's damages exceed $75,000. Economic damages will be calculated based on documented treatment expenses and projected future treatment costs. Non-economic damages will be based on the nature and duration of Plaintiff's physical injuries and diagnosed psychological conditions. Plaintiff's initial disclosures include a computation of damages.

**12. Settlement and ADR**

The parties have not engaged in settlement discussions. Plaintiff will take part in any ADR process in good faith. He states candidly that his objective is a ruling on the merits, and that any resolution would have to take the form of a judgment entered by the Court. He would not agree to any resolution conditioned on confidentiality or on the withdrawal or sealing of the allegations in this action.

Plaintiff proposes Early Neutral Evaluation, held early in the case. This is a change from the settlement conference after the close of fact discovery proposed in Plaintiff's separate statement. Dkt. 18. Because Plaintiff is not seeking a negotiated resolution, he believes an early, candid assessment of the merits by a neutral evaluator will be more useful to both sides than a settlement conference.

At the Rule 26(f) conference, Defendant's counsel proposed a settlement conference. Plaintiff's ADR certification indicated that ADR selection should be discussed at the Case Management Conference. Dkt. 20. Defendant's ADR certification indicates an intent to stipulate to an ADR process. Dkt. 21. The parties have not reached a stipulation.

**13. Other References**

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Plaintiff is prepared to meet and confer regarding stipulations to the date, location, and occurrence of the incident and the authenticity of exhibits, including Plaintiff's medical records, to focus trial on the disputed questions. Plaintiff does not request bifurcation at this time.

**15. Scheduling**

The Rule 26(f) conference was held on September 25, 2026, and both parties have filed ADR certifications. Dkts. 20, 21. Plaintiff proposes the following schedule:

| **Event** | **Plaintiff's proposal** |
|---|---|
| Exchange of initial disclosures | October 9, 2026 |
| ADR session | Early Neutral Evaluation within 90 days after referral |
| Last day to amend pleadings or add parties, including substitution of named defendants for Does 1 through 12 | February 12, 2027 |
| Close of fact discovery | May 14, 2027 |
| Designation of experts and opening expert reports | June 11, 2027 |
| Rebuttal expert designations and reports | July 9, 2027 |
| Close of expert discovery | August 6, 2027 |
| Last day to hear dispositive motions | October 8, 2027 |
| Final pretrial conference | December 3, 2027 |
| Trial | January 10, 2028 |

At the Rule 26(f) conference, Defendant's counsel proposed that fact discovery close on December 1, 2026. That date would leave about seven weeks after the Case Management Conference, and about a month after Defendant's responses to Plaintiff's first written discovery are due, to complete written discovery, third-party subpoenas, and depositions, and to identify and serve Does 1 through 12. Plaintiff's proposed schedule allows time for that work and for adding any newly identified defendants.

**16. Trial**

Plaintiff has demanded a trial by jury. Dkt. 18, § 16; Dkt. 23. Plaintiff estimates that trial will require four to five court days.

**17. Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed his Certification of Conflicts, Interested Entities or Persons, and Citizenship on October 5, 2026. Dkt. 24.

**18. Professional Conduct**

Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

Both parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. Dkts. 2, 7. Plaintiff is representing himself and is continuing to seek counsel.

Dated: October 9, 2026

/s/ Kaiyu Zhang
KAIYU ZHANG
Plaintiff, Pro Se
205 E Garvey Ave, Monterey Park, CA 91755
213-726-6950 | kaiyuzhang89@gmail.com